T.C. Summary Opinion 2012-86

UNITED STATES TAX COURT

ELI D. KOHN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9382-11S.                    Filed September 4, 2012.

Eli D. Kohn, pro se.

<u>Ryan Maughan</u> and <u>Kim-Khanh Thi Nguyen</u>, for respondent.

SUMMARY OPINION

WHERRY, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all subsequent section references are to the
Internal Revenue Code of 1986, as amended and in effect for the taxable year at
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion should not be treated as precedent for any other case.

This case is before the Court on a petition for redetermination of an income tax deficiency of $8,798.50, a section 6651(a)(1) addition to tax of $1,867.55, and a section 6662(a) accuracy-related penalty of $1,759.70 that respondent determined for petitioner's 2006 tax year. The issues for decision are: (1) whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business; (2) whether petitioner is liable for the section 6651(a)(1) failure to file addition to tax; and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

For the 2006 tax year petitioner was employed as a finance manager for a car dealership. During 2006 petitioner went on three trips which are relevant to our decision. Two of these trips were to Fiji. The first trip, in March, lasted 12 days;

[1](...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and the second, in October, lasted around 7 days.  Petitioner also traveled to Las Vegas, Nevada, in May 2006 for two days.

Petitioner's Federal income tax return for the 2006 tax year was due on October 15, 2007.  Petitioner filed his 2006 Federal income tax return late on December 22, 2008.  On line 12 of the 2006 Form 1040, U.S. Individual Income Tax Return, petitioner reported Schedule C losses of $28,830.  Petitioner contends that these losses resulted from the operation of his business as an "INTERNATIONAL REAL ESTATE INVESTOR".  Petitioner's Schedule C indicated that for 2006 this business had no income and had expenses for:  (1) commissions and fees of $10,000 and (2) travel of $18,830.

On September 27, 2010, respondent sent petitioner a letter requesting additional information to substantiate the claimed Schedule C expenses.  Shortly thereafter, petitioner returned to respondent a Schedule C travel, meals and entertainment expense questionnaire for the tax year 2006.[2]

Petitioner also sent respondent numerous documents in his effort to substantiate the expenses claimed in connection with the three 2006 trips.  These documents included:  (1) a real estate purchase agreement for Fijian real estate

---

[2]Respondent's form erroneously stated that the questionnaire related to the 2008 tax year, but petitioner and respondent acknowledged at trial that the information in the questionnaire was with respect to petitioner's 2006 tax year.

dated October 27, 2006; (2) a Fijian certificate of title to land; (3) an invoice from the Hideaway Resort & Spa in Fiji for a stay from October 17 through 22, 2006; (4) a Citi credit card statement in the name of Tamara E. Kohn, dated June 15, 2006; (5) a Washington Mutual credit card statement dated November 6, 2006; (6) a Capital One credit card statement for the monthly period ending March 27, 2006; (7) a Chase credit card statement for March 2006; (8) a Qantas Airways cover letter and copy of a ticket for roundtrip travel between Los Angeles, California, and Nadi, Fiji, on the dates of October 15 and 21, 2006; and (9) numerous brochures and real estate listings for Fijian properties listed for sale.

Respondent's Philadelphia Service Center compliance services correspondence audit function was not satisfied with petitioner's response, and on January 28, 2011, respondent issued the above-referenced notice of deficiency to petitioner for the tax year 2006. The determined deficiency resulted from disallowed Schedule C deductions for commissions and fees expenses and travel expenses. On April 22, 2011, petitioner timely petitioned this Court for redetermination of the deficiency.

As the sole witness at trial, petitioner testified that all three trips were business trips, the purpose of which was to find property suitable for investment in his international real estate investment business.

Petitioner stated that he was late in filing his 2006 Federal income tax return because of issues related to assisting his son in overcoming gambling and drug addictions. Although petitioner alluded to supporting documentation he indicated he could bring in, he did not have it at the trial; and no other evidence was introduced to support this assertion.

Petitioner also elaborated on the contents of the questionnaire and substantiation documents he had previously sent to respondent. Petitioner acknowledged that the expenses he listed on the questionnaire totaled only $8,327.20 but stated that he had reported Schedule C expenses totaling $18,830. Petitioner stated that the discrepancy of $10,502.80 was for the costs of transportation associated with the trips, including airfare and rental cars.

For the trip to Fiji in March 2006 petitioner acknowledged that he did not have any receipts or other documentation which would substantiate the airfare, car rental, or meal expenses. The sole source of documentation for the lodging expense was a charge of $4,780.74 appearing on petitioner's Chase credit card statement for the merchant "MATAGI ISLAND RESORT TAVEUNI" on March 2, 2006. Petitioner also acknowledged that he brought a "young lady" on the trip with whom he was romantically involved.

For the trip to Fiji in October 2006 petitioner was, again, unable to produce any documentation which would substantiate the car rental or meal expenses. Petitioner was able to provide a copy of an airline ticket for travel to Fiji in October 2006 and a cover letter which indicated that its cost, $1,148.46, was charged to his Mastercard.

For the lodging expenses associated with the October Fiji trip petitioner was able to produce an invoice from the Fiji Hideaway Resort & Spa. However, petitioner acknowledged at trial that there were two discrepancies between this invoice and the amounts he listed on the questionnaire. The first was that the expenses should have been listed as $1,102.05, rather than $1,142.05, because he had erroneously included a $40 deposit which had been refunded to him. Petitioner also agreed that the final lodging charge on the invoice ($1,102.05) was in Fijian dollars and that once converted to U.S. dollars, the lodging expenses would be significantly lower than the amounts claimed (i.e. FJD 1,102.05 / 1.70591 = USD 646.02).

For the trip to Las Vegas petitioner acknowledged that he did not have any documentation for the airfare, meals, or rental car expenses. The sole source of alleged documentation for the lodging expenses was two charges appearing on a Citi credit card statement for the merchant "BELLAGIO", totaling $462.41. Petitioner

acknowledged that this credit card statement was in his daughter's name and was unable to produce any evidence beyond his own testimony that he reimbursed his daughter for these charges. Petitioner also acknowledged that the amount listed for lodging on the questionnaire erroneously included a $300 charge for a Las Vegas show.

Petitioner produced numerous other documents[3] at trial, all of which merely tend to indicate that he had a history of investing in real estate during the years 2006 through 2008. None of this evidence was relevant to substantiating petitioner's 2006 travel expenses. Petitioner did ultimately purchase a residential property in Fiji in 2006, but that land remains undeveloped, producing no revenue and causing him to incur minimal expenses.

Petitioner conceded at trial that he was not entitled to the deduction for commissions and fees expenses. Therefore, the only issues that remain for decision are whether petitioner is entitled to the deduction for travel expenses and whether he is liable for the section 6651(a)(1) addition to tax and the section 6662(a) penalty.

---

[3]These documents included: Schedules K-1, Partner's Share of Income, Deductions, Credits, etc., for various partnerships of which petitioner was a partner during 2006, 2007, and 2008; two agreements to purchase property in Honduras in 2007; and three confirmations of wire transfers sent in connection with the agreements to purchase the Honduras properties.

## Discussion

I.    Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may shift to the Commissioner in certain situations. Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a)(2), and therefore, except as to the addition to tax and the penalty, he bears the burden of proof.

The record reflects a failure on petitioner's part to substantiate items and to show that he maintained adequate books and records. With respect to the accuracy-related penalty, the Commissioner satisfies the section 7491(c) burden of production by "[coming] forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty" but "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Rather, "it is the taxpayer's responsibility to raise those issues." Id. Because, as will be more fully detailed infra, respondent has introduced

sufficient evidence to render the section 6662(a) penalty applicable on its face, the burden rests on petitioner to show why it should not be applied.

II.     Travel Expense Deduction

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934) ("a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms").  In addition to proving entitlement, the taxpayer must maintain adequate records in order to substantiate expenses.  Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974).

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  An expense is ordinary for purposes of this section if it is normal or customary within a particular trade, business, or industry.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943).

When a taxpayer adequately establishes that he or she paid or incurred a deductible expense but does not establish the precise amount, we may in some circumstances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must, however, be sufficient evidence in the record to provide a basis upon which an estimate may be made and to permit us to conclude that a deductible expense, rather than a nondeductible personal expense, was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Furthermore, business expenses specified in section 274 are subject to rules of substantiation that supersede the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 provides that no deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, and meal expenses "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use, or date and description of the gift; (3) the

business purpose of the expenditure or use; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained. Sec. 274(d).

A taxpayer must substantiate these elements of the expenses by either adequate records or by sufficient evidence corroborating his own statement. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Written evidence, especially that which relates more closely in time to the expenditure, has the most probative value. Id.

A taxpayer may satisfy the adequate records requirement by maintaining, at or near the time of the expenditure, an account book, a diary, a log, a statement of expense, a trip sheet, or a similar record, that, when combined with documentary evidence, which may include notations on receipts, is sufficient to establish each element of the expense. Alemasov v. Commissioner, T.C. Memo. 2007-130; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The degree of substantiation necessary to establish business purpose will vary, but unless the business purpose is evident from the surrounding facts and

circumstances,[4] at least <u>some</u> written statement of business purpose is required. Sec. 1.274-5T(c)(2)(ii)(B), Temporary Income Tax Regs., <u>supra</u>.

If a taxpayer fails to maintain an adequate record, then he must substantiate the elements of the expense by his own statement, reinforced by other corroborative evidence sufficient to establish the elements of the expense. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The corroborative evidence used to establish business purpose may be circumstantial evidence. <u>Id.</u>

Section 274(d) and the regulations make it clear that all four elements of amount, time, place, and business purpose of the travel expense must be substantiated. If any one element is not adequately substantiated, the taxpayer is not entitled to deduct the expense. Reserving our decision as to whether petitioner has established the first three elements, we will focus our analysis on the element of business purpose.

A.      Two Fiji Trips

Petitioner has failed to meet the adequate records requirement of the regulation. The only documentation for the first trip was a charge for a Fijian hotel

---

[4]The regulation provides an example of a salesman calling on customers on an established sales route as one scenario where a written explanation of the business purpose of travel would not be required.

appearing on petitioner's credit card statement. As documentation for the second trip to Fiji, petitioner produced an invoice from the hotel and a copy of an airline ticket. Because the nature of petitioner's alleged business in Fiji was not routine, at least some written statement of business purpose was required. Petitioner provided no such statement. Petitioner failed to produce a contemporaneous diary, a trip log, a statement of expense, or a similar record which would establish the business purpose of the travel. See Coury v. Commissioner, T.C. Memo. 2010-132. Petitioner having failed to satisfy the adequate records requirement, we now turn to whether he has substantiated the expenses with other corroborative evidence, including circumstantial evidence.

Petitioner went to great lengths to establish that he was in the business of real estate investment during 2006 through 2008, including evidence of his investments in real estate as part of various partnerships.[5] Unfortunately for petitioner, the weight of the circumstantial evidence indicates that the predominant purpose of the

---

[5]Certainly petitioner was a real estate investor, but that is not necessarily the same as being in a real estate trade or business. Generally, investors may deduct their ordinary and necessary investment expenses pursuant to sec. 212(1) and (2) as miscellaneous itemized deductions subject to the 2% floor prescribed by sec. 67(a). Given our factual findings and the lack of adequate substantiation, we need not determine whether petitioner was in the real estate business or merely a real estate investor as the end result would under these facts be the same.

trips to Fiji was personal rather than business. Personal expenses are not deductible. Sec. 262(a).

Petitioner did purchase real estate in Fiji following his trips. However, this property is residential, and, as of the date of trial, remained undeveloped, resulting in no income and few expenses for a period of nearly five years. It is also clear that petitioner brought a friend with whom he was romantically involved on the first trip and engaged in at least one recreational whitewater rafting tour on the second trip. These facts and the recreational and tourist aspects of the Fiji trips circumstantially indicate and petitioner has not met his burden to prove otherwise that the primary purpose of the trips was personal rather than business.

B.    Las Vegas Trip

Petitioner also failed to satisfy the adequate records requirement for the Las Vegas trip. The only alleged documentation for the lodging expense was a charge for a Las Vegas hotel appearing on petitioner's daughter's credit card statement. No other contemporaneous documentation was produced. The circumstantial evidence also tends to indicate that this trip was primarily for pleasure as petitioner attended a $300 Las Vegas show on a two-day trip.

We find that because petitioner has not satisfied the strict substantiation requirements under section 274(d) for any of the three trips in 2006, he is not entitled to the deduction for travel expenses.

III.    Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time unless it is shown that such failure is due to reasonable cause and not willful neglect.  This addition to tax is 5% of the tax required to be shown on the return for each month or fraction thereof until the return is filed, not to exceed 25%.

Respondent bears the burden of production with regard to the section 6651(a)(1) addition to tax.  See sec. 7491(c).  As previously noted, to meet his burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioner bears the burden of proving that the failure to timely file was due to reasonable cause and not willful neglect.  Id. at 447.  A taxpayer has "reasonable cause" for his failure to timely file if, despite exercising "ordinary business care and prudence," he is still unable to timely file his tax return.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

On the basis of the record in this case, we conclude that respondent has met his burden of production.  Petitioner filed his 2006 Federal income tax return over

one year late but has failed to demonstrate reasonable cause for his failure to timely file. While this Court has held that serious illness of a family member may constitute reasonable cause, Paschall v. Commissioner, 137 T.C. 8, 21 (2011), petitioner's unsupported statement that assisting his son in overcoming drug and gambling addictions caused him to file his return late is not, by itself, sufficient to satisfy the reasonable cause standard. Therefore, the Court sustains the imposition of an addition to tax under section 6651(a)(1).

IV.    Section 6662(a) Accuracy-Related Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty. Section 6662(a) imposes an accuracy-related penalty of 20% on any underpayment that is attributable to causes specified in subsection (b). Respondent asserts that petitioner's negligence and substantial understatement of income tax justify the imposition of the penalty. See sec. 6662(b)(1) and (2).

A "substantial understatement" is defined, in the case of an individual, as one which exceeds the greater of: (1) 10% of the tax required to be shown on the tax return for the taxable year or (2) $5,000, whichever is greater. Sec. 6662(d). "[N]egligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]". Sec. 6662(c). Negligence

also includes any failure by the taxpayer to keep adequate records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent has met his burden of production with regard to the section 6662(a) accuracy-related penalty. See Higbee v. Commissioner, 116 T.C. at 449. Petitioner's negligent failure to substantiate the Schedule C deductions and his substantial understatement of income tax both independently support the imposition of the accuracy-related penalty. See Whitaker v. Commissioner, T.C. Memo. 2010-209.

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate reasonable cause and that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). The determination of reasonable cause and good faith is "made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in the light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Id.

Petitioner seeks relief from this penalty by stating that he acted in good faith and in a manner that any reasonable real estate investor would act. Petitioner has

an established history of real estate involvement.  He purchased interests in property as a partner in sophisticated partnership arrangements.  Given his education and experience in real estate development, we conclude that his negligent failure to substantiate the expenses was not reasonable.  Accordingly, the Court sustains the imposition of the accuracy-related penalty under section 6662(a).

The Court has considered all of the parties' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.